**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ABE JONES, #65170**                                                              **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:05cv2070KS-JMR**

**CHRISTOPHER EPPS, RONALD KING, LOYD BEASLEY,**
**KENTRELL LIDDELL, BOBBY KING and HENRY GAGNON**            **DEFENDANTS**


**OPINION and ORDER**

This matter is before the Court, sua sponte, for consideration of dismissal.  The plaintiff, an

inmate at the South Mississippi Correctional Institute (SMCI), Leakesville, Mississippi, filed this

complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  Christopher Epps,

Commissioner of the Mississippi Department of Corrections (MDOC);  Ronald King,

Superintendent at SMCI; Loyd Beasley, disciplinary hearing officer at SMCI;  Kentrell Liddell,

Medical Director of MDOC; Bobby King, Officer at SMCI; and Henry Gagnon, Nurse at SMCI.

On November 29, 2005, the plaintiff was ordered to file an amended complaint to provide

specific information to the Court.  On December 15, 2005, the plaintiff filed his amended

complaint [8-1].  Upon liberal review of the complaint and amended complaint, the Court has

reached the following conclusions.


Background

The plaintiff states that he was found guilty of a rule violation report ("RVR"), written by

Nurse Gagnon, for refusing the order of a staff member in April of 2005.  Plaintiff states that the

punishment imposed as a result of this finding of guilt was the loss of his canteen privileges,

phone privileges and visitation for thirty days.  The plaintiff also claims that because of this RVR

he is currently not eligible for "trustee" status, which is the most lenient custody classification for an incarcerated inmate.  The plaintiff alleges that Nurse Gagnon, as an employee of Correctional Medical Services (CMS), the private company that provides medical care at SMCI, he should not be allowed to issue an RVR.  The plaintiff claims that defendants Liddell and King failed to correct this error.

The plaintiff filed a grievance with the Administrative Remedy Program (ARP).  At each step of the process his grievance was denied.  The plaintiff complains that defendants King and Epps, as the reviewers of his appeal of the grievance should have granted him relief and dismissed the RVR in its entirety.  The plaintiff alleges that the defendants' actions violated MDOC standard operating procedures and Mississippi state law which in turn violated his procedural due process rights under the United States Constitution.  The plaintiff has requested an injunction, "a declaration" and monetary damages as relief.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u> and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted <u>in forma pauperis</u> status, § 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action lacks an arguable basis in law.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest will be "limited to freedom

from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his canteen privileges, phone privileges and visitation for thirty days. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997)(inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); see Mikeska v. Collins, 900 F.2d 833, 836 (5th Cir. 1990) (citing Moody v. Baker, 857 F.2d 256 (5th Cir. 1988), cert. denied, 488 U.S. 985 (1988))(inmates have neither a constitutionally protected property nor liberty interest in custodial classification); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). In addition, the plaintiff does not have a constitutionally protected right to visitation under the First Amendment. Thorne v. Jones, 765 F.2d 1270 (5th Cir. 1985).

Furthermore, the plaintiff does not have a federally protected liberty interest in receiving a satisfactory response to his ARP grievance. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Since the plaintiff is relying "on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id. Addressing the defendants' alleged failure to follow department policy and procedure, the law is clear "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996); Giovanni v. Lynn, 48

F.3d 908, 912 (5th Cir.1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).  Thus, the

plaintiff has failed to allege a constitutional deprivation that is cognizable under 42 U.S.C. §

1983.

Conclusion

As stated above, the plaintiff's claimed due process violations are not based on a

constitutionally protected liberty interest and therefore, lack an arguable basis in law and will be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Since this case is dismissed pursuant to the above mentioned provision of the Prison

Litigation Reform Act, Section  1915(e)(2)(B)(i), it will be counted as a "strike".[1]  If the plaintiff

receives "three strikes" he will be denied  in forma pauperis status and required to pay the full

filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

THIS the 3rd day of January, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."